UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
SHAKA MATTHEWS and JERMAINE NELSON

Plaintiffs,

- against-

**COMPLAINT**
**JURY TRIAL DEMANDED**

**THE CITY OF NEW YORK,**
**P.O. MICHAEL A. FARONE,**
**P.O. MATEUSZ J. WYBRANIEC,**
**P.O. NICHOLAS CAVA,**
**and JOHN DOE OFFICERS #1-4**,

Defendants.

-----------------------------------------------------X

Plaintiffs, Shaka Matthews and Jermaine Nelson, by their attorney, Natalie Renee Shepherd of The Law Office of Fred Lichtmacher P.C., complaining of the Defendants herein, respectfully allege as follows:

1. This civil rights action stems from the violations of Plaintiffs' constitutional rights, including an unlawful and pretextual stop, an unreasonable and invasive search, and the use of excessive force against Plaintiffs by members of the New York Police Department ("NYPD") during a baseless traffic stop in Brooklyn, New York on December 3, 2024.

2. Plaintiffs bring claims under 42 U.S.C. § 1983 for violations of their rights secured under the Fourth Amendment to the United States Constitution as made applicable to the states via the Fourteenth Amendment.

**Jurisdiction and Venue**

3. Jurisdiction is founded upon the existence of a Federal Question as this is an action to redress the deprivation, under color of statute, ordinance, regulation, custom, or usage, of

rights, privileges, and immunities secured to Plaintiffs by the Fourth Amendment to the Constitution of the United States, pursuant to 42 U.S.C. § 1983 and the NYC Administrative Code.

4. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), as the events giving rise to this Complaint occurred in this district.

6. Plaintiffs' claims brought pursuant to the NYC Administrative Code are properly before this Court pursuant to 28 USC § 1367 as this suit is brought for violations of NYC Administrative Code § 8-802 authorized against the individual Defendants pursuant to § 8-803(a) and against NYC pursuant to § 8-803(b).

**Parties**

7. Plaintiff Shaka Matthews, an adult Black male, is, and was at all relevant times, a resident of Brooklyn, New York.

8. Plaintiff Jermaine Nelson, an adult Black male, is, and was at all relevant times, a resident of Brooklyn, New York.

9. Defendant City of New York is a municipal corporation duly organized and existing under the laws of the State of New York. At all relevant times, the City of New York, acting through its agents, servants, and employees, operated and maintained the NYPD, which acts as its agent in the area of law enforcement and for which the City is ultimately responsible.

10. Defendants Police Officers Michael A. Farone (Shield #1309), Mateusz J. Wybraniec

(Shield #7999), and Nicholas Cava (Shield #21155), and John Does 1 through 4, whose identities are presently unknown, are, and were, at all relevant times, police officers employed by the NYPD, acting under color of state law and within the scope of their employment. These officers are sued herein in their individual capacities.

**Statement of Facts**

11. On the night of December 3, 2024, Plaintiffs Shaka Matthews and Jermaine Nelson were lawfully operating a motor vehicle in the vicinity of Utica Avenue in Brooklyn, New York.

12. Plaintiff Nelson was driving a BMW sedan recently purchased by his sister, Shanel Ainsworth. Plaintiff Matthews was seated in the front passenger seat.

13. As Plaintiffs began to make a lawful turn, an unmarked vehicle suddenly and aggressively cut them off from the front.

14. A second unmarked vehicle then pulled in closely behind them, boxing them in and leaving them unable to move.

15. Seven to eight armed men wearing tactical vests jumped out of the vehicles with guns drawn. Although the men were plainclothes officers, their shields were not visible, and they did not immediately identify themselves as members of law enforcement.

16. The officers pointed their weapons at the Plaintiffs while screaming aggressive and contradictory commands, including “Put the car in park!” “Show your hands!” and “Don’t move your fucking hands!”

17. The officers shined flashlights into the vehicle and ordered Plaintiff Nelson to exit the driver’s seat.

18. Once Nelson exited the vehicle, he was immediately subjected to a full pat-down search.

19. The officers then turned their attention to Plaintiff Matthews, ordering him to exit the vehicle.

20. Matthews complied, and upon exiting the vehicle, he too was searched.

21. During the search, an officer grabbed Plaintiff Matthews's genitals in a rough and painful manner.

22. Plaintiff Matthews protested, asking the officer, "Why are you touching my private parts?" The officer replied, "I'm doing my fucking job."

23. Plaintiffs were then made to sit outside on the curb in the cold for approximately twenty (20) minutes while the officers conducted an illegal search of the vehicle.

24. The officers found nothing unlawful in the vehicle and did not recover any contraband or evidence of criminal conduct from either Plaintiff.

25. When Plaintiffs asked why they had been pulled over, the officers refused to answer.

26. Plaintiffs were not issued any summonses, tickets, or paperwork and were eventually told to leave.

27. At no point during the stop did the officers provide a lawful basis for their actions.

28. The conduct of the officers was unprovoked and unjustified, and the entire stop, search, and use of force occurred without any probable cause or reasonable suspicion that the Plaintiffs had broken or were about to break the law.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS UNLAWFUL STOP AND SEIZURE PURSUANT TO 42 U.S.C. § 1983 AS WELL AS PURSUANT TO NYC ADMINISTRATIVE CODE § 8-802**

29. Plaintiffs repeat and reallege each and every allegation contained in the preceding

paragraphs as though fully set forth herein.

30. Defendants, acting under color of state law, unlawfully stopped and seized the Plaintiffs without probable cause or reasonable suspicion they had committed or were about to commit a crime, in violation of Plaintiffs' rights under the Fourth Amendment to the United States Constitution.

31. Plaintiffs were operating their vehicle lawfully at the time of the stop and were not engaged in any illegal activity.

32. Defendants offered no justification for the stop, and none existed.

33. Defendants' actions were willful, wanton, malicious, and in reckless disregard of Plaintiffs' constitutional rights.

34. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs were deprived of their liberty, suffered emotional distress, and were otherwise harmed.

35. By reason of the aforesaid, the Plaintiffs have been damaged and they are entitled to compensatory damages in a sum not to exceed $200,000.00 (TWO HUNDRED THOUSAND) DOLLARS (each) and punitive damages in amounts to be determined at trial by the trier of fact. Plaintiffs are also entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988 and New York City Administrative Code §8-502(a & g).

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS UNLAWFUL SEARCH PURSUANT TO 42 U.S.C. § 1983 AS WELL AS PURSUANT TO NYC ADMINISTRATIVE CODE § 8-802**

36. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as though fully set forth herein.

37. Defendants, acting under color of state law, conducted an unlawful and invasive search of

Plaintiffs' persons and vehicle without a warrant, probable cause, or any lawful justification, in violation of the Fourth Amendment to the United States Constitution.

38. Plaintiffs did not consent to the search of their persons or the vehicle.

39. During the search, Defendants conducted an invasive and painful pat-down of Plaintiff Matthews, including grabbing his genitals, causing pain and humiliation.

40. Defendants' actions were willful, wanton, malicious, and in reckless disregard of Plaintiffs' constitutional rights.

41. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs suffered harms including emotional distress and violation of their constitutional rights.

42. By reason of the aforesaid, the Plaintiffs have been damaged and they are entitled to compensatory damages in a sum not to exceed $200,000.00 (TWO HUNDRED THOUSAND) DOLLARS (each) and punitive damages in amounts to be determined by the trier of fact and Plaintiffs are also entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988 and New York City Administrative Code §8-502(a & g).

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFFS EXCESSIVE FORCE PURSUANT TO 42 U.S.C. § 1983 AS WELL AS PURSUANT TO NYC ADMINISTRATIVE CODE § 8-802**

43. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as though fully set forth herein.

44. Defendants, acting under color of state law, used excessive and unreasonable force against Plaintiffs, in violation of their rights under the Fourth Amendment to the United States Constitution.

45. At no time did Plaintiffs pose any threat to the safety of the officers or the public, nor did

they engage in any behavior that would warrant the use of any force, much less the unnecessary and unreasonable force employed by Defendants.

46. Defendants' actions, including drawing weapons on Plaintiffs, shouting conflicting commands, and physically assaulting Plaintiff Matthews during the pat-down search, constituted excessive force.

47. The use of force was neither reasonable nor necessary under the circumstances and was done with willful disregard for Plaintiffs' rights and safety.

48. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs suffered physical pain, emotional distress, and other damages.

49. By reason of the aforesaid, the Plaintiffs have been damaged and they are entitled to compensatory damages in a sum not to exceed $200,000.00 (TWO HUNDRED THOUSAND) DOLLARS (each) and punitive damages in amounts to be determined by the trier of fact. Plaintiffs are also entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988 and New York City Administrative Code §8-502(a & g).

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS FAILURE TO INTERVENE PURSUANT TO 42 U.S.C. § 1983 AS WELL AS PURSUANT TO NYC ADMINISTRATIVE CODE § 8-802 et seq**

50. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as though fully set forth herein.

51. At all relevant times, Defendants had an affirmative duty to intervene to prevent the violation of Plaintiffs' constitutional rights by their fellow officers.

52. Despite having a realistic opportunity to do so, Defendants failed to intervene to prevent the unlawful stop, unlawful search, and use of excessive force against Plaintiffs.

53. Defendants' failure to intervene was intentional, malicious, and in reckless disregard of Plaintiffs' constitutional rights.

54. As a direct and proximate result of Defendants' failure to intervene, Plaintiffs suffered harm including emotional distress and violation of their constitutional rights.

55. By reason of the aforesaid, the Plaintiffs have been damaged and they are entitled to compensatory damages in a sum not to exceed $200,000.00 (TWO HUNDRED THOUSAND) DOLLARS (each) and to punitive damages to be determined by the trier of fact. Plaintiffs are also entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988 and New York City Administrative Code §8-502(a & g).

**AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS MUNICIPAL LIABILITY (MONELL CLAIM) PURSUANT TO 42 U.S.C. § 1983 AS WELL AS PURSUANT TO NYC ADMINISTRATIVE CODE §§ 8-802 AND 8-803(b)**

56. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as though fully set forth herein.

57. The City of New York is liable for the violation of Plaintiffs' constitutional rights under 42 U.S.C. § 1983 and pursuant to Monell, as the actions of the Defendant officers were the result of official policies, practices, customs, and usages of the NYPD.

58. Upon information and belief, the NYPD has adopted, fostered, and encouraged a pattern, custom, or practice of aggressively targeting individuals in communities of color, particularly Black men, for pretextual and unconstitutional car stops, employing excessive force and invasive searches without lawful justification.

59. This pattern, custom, or practice includes, but is not limited to, conducting vehicle stops based on racial profiling, aggressively deploying plainclothes officers with weapons

drawn without cause, and engaging in humiliating and unjustified searches of individuals.

60. Moreover, upon information and belief, the individual defendant officers have been the subjects of multiple complaints involving allegations of misconduct against men of color, including substantiated findings, and yet were retained by the NYPD and permitted to continue engaging in unconstitutional practices without adequate supervision, discipline, or corrective training.

61. The City of New York, through its deliberate indifference to the rights of individuals, has permitted and encouraged this unlawful conduct to proliferate, directly causing the violations of Plaintiffs' constitutional rights.

62. The City of New York is liable for these constitutional violations pursuant to the Fourth Amendment as well as pursuant to NYC Administrative Code §§ 8-802 and 8-803(b).

63. As a direct and proximate result of the policies, practices, and customs of the NYPD, Plaintiffs suffered physical pain, emotional distress, and other damages.

64. By reason of the aforesaid, the Plaintiffs have been damaged and they are entitled to compensatory damages in a sum not to exceed $200,000.00 (TWO HUNDRED THOUSAND) DOLLARS (each). Plaintiffs are also entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988 and New York City Administrative Code §8-502(a & g).

**AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS FOR BIAS-BASED PROFILING IN VIOLATION OF NYC ADMINISTRATIVE CODE § 14-151**

65. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as though fully set forth herein.

66. Defendants engaged in bias-based profiling of Plaintiffs in violation of New York City Administrative Code § 14-151.

67. Specifically, Defendants, acting under color of state law and as members of the NYPD, relied on Plaintiffs' actual or perceived race in initiating, prolonging, and escalating the stop of Plaintiffs.

68. Plaintiffs are both Black men, and at the time of the incident, were lawfully operating a recently purchased BMW vehicle in Brooklyn, New York.

69. Defendants aggressively blocked Plaintiffs' vehicle, drew their weapons, screamed conflicting commands, subjected Plaintiffs to humiliating and painful searches, and prolonged the detention despite finding no evidence of unlawful conduct.

70. Defendants acted without probable cause or reasonable suspicion and without any lawful justification, and instead targeted Plaintiffs based on their race and perceived status.

71. Defendants' conduct was intentional, malicious, and in reckless disregard of Plaintiffs' rights.

72. As a direct and proximate result of Defendants' bias-based profiling, Plaintiffs suffered physical pain, emotional distress, and other damages.

73. By reason of the aforesaid, the Plaintiffs have been damaged and they are entitled to compensatory damages in a sum not to exceed $200,000.00 (TWO HUNDRED THOUSAND) DOLLARS (each) and punitive damages in amounts to be determined by the trier of fact. Plaintiffs are also entitled to an award of attorneys' fees and costs pursuant to New York City Administrative Code § 8-502(a & g).

**WHEREFORE**, Plaintiffs demand judgment against the Defendants and each of them, as

follows:

a. Declaratory relief finding that Plaintiffs' rights under the United States Constitution and the NYC Administrative Code were violated;

b. Compensatory damages against all Defendants, jointly and severally, for the physical injuries, pain and suffering, emotional distress, and other damages Plaintiffs sustained as a result of Defendants' unlawful actions;

c. Punitive damages against the individual Defendants for their intentional, reckless, and wanton conduct, in an amount sufficient to punish and deter such conduct in the future;

d. Reasonable attorneys' fees and costs of this action pursuant to 42 U.S.C. § 1988 and New York City Administrative Code §8-502(a & g);

e. Prejudgment and post-judgment interest on all damages awarded, as allowed by law;

f. Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 15, 2025

Natalie Renee Shepherd, Esq.
The Law Office of Fred Lichtmacher P.C.
159 W. 25th Street, Suite 510
New York, NY 10001
(805) 907-5309
NRS.LichtmacherPC@gmail.com

To: The City of New York
Corporation Counsel of the City of New York
100 Church Street

New York, NY 10007

Police Officer Michael A. Farone
Patrol Borough Brooklyn South
Community Response Team
2820 Snyder Avenue
Brooklyn, NY 11226

Police Officer Mateusz J. Wybraniec
Patrol Borough Brooklyn South
Community Response Team
2820 Snyder Avenue
Brooklyn, NY 11226

Police Officer Nicholas Cava
Patrol Borough Brooklyn South
Community Response Team
2820 Snyder Avenue
Brooklyn, NY 11226

John Doe Officers #1–4
Patrol Borough Brooklyn South
Community Response Team
2820 Snyder Avenue
Brooklyn, NY 11226